Case 1:22-mj-02073-LFL   Document 1   Entered on FLSD Docket 01/19/2...

FILED BY ____KS____ D.C.
Jan 19, 2022
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

22-mj-2073-LOUIS

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 22-_____ |
| v. | : | VIOLATIONS:<br>18 U.S.C. § 1344 (bank fraud – 2 counts) |
| OMAR WHITE OLIVER | : | 18 U.S.C. § 1957 (money laundering - 2 counts) |
| | : | 18 U.S.C. § 2 (aiding and abetting)<br>Notice of forfeiture |

## INDICTMENT

### COUNTS ONE AND TWO
(Bank Fraud and Attempted Bank Fraud)

**THE GRAND JURY CHARGES THAT**:

At all times material to this indictment:

**The Defendant, Relevant Entities, and Relevant Accounts**

1.  Defendant OMAR WHITE OLIVER was a United States citizen, with a last known address in Florida.

2.  Oliver Twist Real Estate LLC ("OLIVER TWIST") was a Pennsylvania corporation formed in or around July 2018. OLIVER TWIST purportedly operated as a real estate business. Defendant OMAR WHITE OLIVER was the organizer and sole owner of OLIVER TWIST.

3.  Wells Fargo Bank, N.A. ("Wells Fargo") was a financial institution headquartered in Sioux Falls, South Dakota with deposits insured by the Federal Deposit Insurance Corporation ("FDIC") under FDIC certificate number 3511. OLIVER TWIST maintained an account at Wells Fargo with an account number ending in 5423 ("the 5423 Account"). Defendant OMAR WHITE

OLIVER was the sole signatory on that account. Defendant OLIVER also held a personal checking account at Wells Fargo, with an account number ending in 0856 ("the 0856 Account").

4. BlueVine, Inc. ("BlueVine") was a financial technology company headquartered in Redwood City, California. Among other things, BlueVine provided intake and review services on behalf of Cross River Bank in connection with PPP loan applications.

5. Cross River Bank ("Cross River") was a financial institution headquartered in Fort Lee, New Jersey with deposits insured by the FDIC under FDIC certificate number 58410. Cross River participated as a lender in the Paycheck Protection Program ("PPP"), described below. Cross River utilized BlueVine as its agent to assist Cross River in processing PPP loans.

## The Small Business Administration

6. The United States Small Business Administration ("SBA") was an executive branch agency of the United States government that provided support to entrepreneurs and small businesses. The mission of the SBA was to maintain and strengthen the nation's economy in a variety of ways, including by fostering the establishment and viability of small businesses and aiding in their economic recovery after community disasters.

7. As part of its efforts, the SBA provided for business loans through banks, credit unions, and other lenders. Those loans had government-backed guarantees.

## The CARES Act and Paycheck Protection Program

8. The Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") was a federal law enacted in or about March 2020. The CARES Act provided emergency financial assistance to the millions of Americans suffering the economic effects of the COVID-19 pandemic. One source of relief provided by the CARES Act was the authorization of forgivable

loans to small businesses for job retention and certain other expenses, through a program referred to as the Paycheck Protection Program ("PPP").

9. To obtain a PPP loan, a qualifying business had to submit a PPP loan application signed by an authorized representative of the business. The PPP loan application required the business, through its authorized representative, to acknowledge the program rules and to make affirmative certifications to be eligible for the PPP loan. For example, in the PPP loan application (SBA Form 2483), the business, through its authorized representative, had to state its average monthly payroll expenses and number of employees. In addition, businesses had to provide documentation showing their payroll expenses, as part of the PPP loan application process. These figures were used to calculate the amount of money the small business was eligible to receive under the PPP.

10. Once a qualifying business completed a PPP application, a participating lender, or agent on behalf of the participating lender, processed the application. If a PPP loan application was approved, the participating lender funded the PPP loan using its own monies, which the SBA guaranteed. In the course of processing the PPP loan, the lender transmitted data from the loan application to the SBA, including information about the borrower, the total amount of the loan, and the identified number of employees.

11. Proceeds from a PPP loan were legally required to be used only for certain permissible business expenses, including payroll costs, mortgage interest, rent, and utilities. Under the applicable PPP rules and guidance, the interest and principal on the PPP loan was eligible for forgiveness, if the business spent the loan proceeds on permissible items within a designated period of time and used a certain portion of the loan toward payroll expenses.

## The Scheme to Defraud

12. From on or about July 29, 2020, through on or about January 31, 2021, in the Eastern District of Pennsylvania, and elsewhere, defendant

**OMAR WHITE OLIVER**

knowingly executed and attempted to execute a scheme and artifice to defraud Cross River, and to obtain money and property under the care, custody and control of Cross River, by means of materially false and fraudulent pretenses, representations, and promises.

13. The purpose of the scheme was for defendant OMAR WHITE OLIVER to enrich himself by fraudulently obtaining PPP loan proceeds, including by making false statements about the number of OLIVER TWIST employees, the wages paid to OLIVER TWIST employees, the payroll taxes paid by OLIVER TWIST, and the intended use of the PPP loan proceeds. Once he obtained those PPP loan proceeds, defendant OLIVER caused those funds to be spent on unauthorized purchases and laundered a significant portion of those funds through various unauthorized purchases.

## Manner and Means

It was part of the scheme that:

14. On or about July 29, 2020, defendant OMAR WHITE OLIVER caused a false and misleading PPP loan application to be submitted to Cross River, through Blue Vine, in the name of OLIVER TWIST, seeking approximately $186,747 in PPP funds ("the first PPP Application"). The first PPP Application contained purported payroll data regarding OLIVER TWIST that, if true and accurate, would have supported a loan request of $186,747. Defendant OLIVER signed the first PPP Application and falsely certified that both the application and the information provided in the supporting documents were true and accurate.

15. The information that defendant OMAR WHITE OLIVER caused to be submitted with the first PPP Application falsely represented the number of OLIVER TWIST employees, the wages paid to OLIVER TWIST employees, the federal income taxes withheld from wages paid by OLIVER TWIST, and the intended uses of the PPP loan proceeds. For example, defendant OLIVER caused to be submitted what purported to be a federal quarterly tax return (IRS Form 941) for OLIVER TWIST covering the first quarter of 2020. The purported IRS Form 941, signed by defendant OLIVER, falsely stated that OLIVER TWIST paid $67,901.39 in federal employment taxes for the first quarter of 2020, on $224,097 in wages. In fact, OLIVER TWIST had not filed with the Internal Revenue Service the Form 941 attached to the first PPP Application. Moreover, on August 6, 2020, defendant OLIVER filed an entity registration for OLIVER TWIST with the Commonwealth of Pennsylvania Department of Labor ("PA DOL"), reporting that OLIVER TWIST had first paid wages on July 1, 2020, and that OLIVER TWIST expected to pay $20,000 in wages each quarter, to eight employees.

16. In the first PPP Application, defendant OMAR WHITE OLIVER further certified that the PPP loan proceeds "[would] be used to retain workers and maintain payroll or make mortgage interest payments, lease payments, and utility payments, as specified under the Paycheck Protection Program Rule." He further certified that he understood that "if the funds [were] knowingly used for unauthorized purposes, the federal government may hold [him] legally liable, such as for charges of fraud." Likewise, he affirmed that the information he provided "in this application and the information provided in all supporting documents and forms is true and accurate in all material respects" and further affirmed that knowingly making a false statement to obtain a PPP loan could result in imprisonment, or fines, or both.

17. The first PPP Application was approved. On or about August 4, 2020, Cross River distributed approximately $186,747 through a wire transfer sent to the 5423 Account at Wells Fargo.

18. Between on or about August 6, 2020 and November 16, 2020, defendant OMAR WHITE OLIVER caused PPP loan proceeds from the 5423 Account at Wells Fargo to be transferred and used for personal and unauthorized expenses, including the purchase of a luxury automobile and payment of personal credit card bills. Specifically, those transfers of PPP loan funds for unauthorized purposes and uses included:

   a. An online transfer in the amount of approximately $5,000, on or about August 10, 2020, to defendant OLIVER's personal checking account, the 0856 Account;

   b. An ACH transfer in the amount of approximately $11,657.16, on or about August 10, 2020, to American Express, to pay defendant OLIVER's bill for personal expenses including a trip to Tulum, Mexico, accommodations at a beach resort there, and the purchase of luxury goods in nearby Cancun, Mexico;

   c. An online transfer in the amount of approximately $5,000, on or about August 24, 2020, to defendant OLIVER's personal checking account, the 0856 Account;

   d. a counter withdrawal of $70,000, on or about August 24, 2020, to purchase a Wells Fargo cashier's check for $70,000, used to purchase a 2018 Land Rover at a Jaguar/Land Rover car dealership in West Chester, Pennsylvania;

   e. An online transfer in the amount of approximately $3,000, on or about November 13, 2020, to defendant OLIVER's personal checking account, the 0856 Account; and

   f. An online transfer in the amount of approximately $3,000, on or about November 16, 2020, to defendant OLIVER's personal checking account, the 0856 Account.

19. On or about January 23, 2021, defendant OMAR WHITE OLIVER caused a second false and misleading PPP loan application to be submitted to Cross River, through Blue Vine, for a second draw PPP loan, in the name of OLIVER TWIST, seeking approximately $186,747 in PPP funds ("the second PPP Application"). Defendant OLIVER caused to be submitted with the second PPP Application two falsified profit and loss statements, one for the fourth quarter of 2019 and the other for the fourth quarter of 2020, claiming to have paid wages that had not in fact been paid to OLIVER TWIST employees. Defendant OLIVER electronically signed the second PPP Application and falsely certified that both the application and the information provided in the supporting documents were true and accurate. Cross River denied the second PPP Application for a second draw PPP loan.

20. Defendant OMAR WHITE OLIVER's scheme caused actual losses of at least $186,747, with intended losses of $373,494, based on the two false and misleading PPP loan applications he submitted to Cross River.

21. On or about the dates below, in the Eastern District of Pennsylvania, and elsewhere, defendant

**OMAR WHITE OLIVER,**

knowingly executed, and attempted to execute, the above-described scheme and artifice to obtain the moneys, funds, credits, assets, securities, and property owned by and under the custody and control of Cross River Bank, by means of materially false and fraudulent pretenses, representations, and promises, each such execution and attempted execution constituting a separate count as follows:

| COUNT | DATE | DESCRIPTION OF EXECUTION |
|---|---|---|
| 1 | July 29, 2020 | Submission to Cross River Bank of the first PPP Application in the name of Oliver Twist Real Estate LLC, seeking approximately $186,747 |
| 2 | January 23, 2021 | Submission to Cross River Bank of the second PPP Application in the name of Oliver Twist Real Estate LLC, seeking a second draw of approximately $186,747 |

All in violation of Title 18, United States Code, Section 1344.

## COUNTS THREE AND FOUR
(Engaging in Transactions in Unlawful Proceeds)

**THE GRAND JURY FURTHER CHARGES THAT**:

1. The allegations in paragraphs 1 through 20 of this indictment are realleged and incorporated by reference as if fully set forth herein.

2. On or about the dates identified below, in the Eastern District of Pennsylvania, and elsewhere,

**OMAR WHITE OLIVER,**

knowingly engaged in, and willfully caused, monetary transactions affecting interstate commerce in criminally derived property of a value greater than $10,000 that were, in fact, derived from specified unlawful activity, that is, bank fraud, in violation of Title 18, United States Code, Section 1344, as alleged in Count One, as follows:

| COUNT | DATE | DESCRIPTION OF TRANSACTION |
|---|---|---|
| 3 | August 10, 2020 | Transfer of $11,657.16 from the 5423 Account to American Express to pay a bill for personal expenses of defendant OMAR WHITE OLIVER, via an ACH payment initiated by defendant OLIVER |
| 4 | August 24, 2020 | Withdrawal of $70,000 from the 5423 Account to purchase a cashier's check for $70,000 payable to a car dealership in West Chester Pennsylvania, to purchase a 2018 Land Rover by defendant OLIVER |

All in violation of Title 18, United States Code, Sections 1957 and 2.

## NOTICE OF FORFEITURE

**THE GRAND JURY FURTHER CHARGES THAT:**

As a result of the violations of Title 18, United States Code, Sections 1344 and 1957, set forth in this indictment, defendant

**OMAR WHITE OLIVER**

shall forfeit to the United States of America (1) any property that constitutes, or is derived from, proceeds obtained directly or indirectly as a result of the commission of such violations of Title 18, United States Code, Section 1344, and (2) any property, real or personal, involved in such violations of Title 18, United States Code, Section 1957, and any property traceable to such property, including but not limited to the sum of at least $186,747 in United States currency (money judgment), which represents the PPP loan proceeds received by the defendant and traceable to the commission of such violation of Title 18, United States Code, Section 1344(2).

If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred to, sold to, or deposited with a third party;

    c.    has been placed beyond the jurisdiction of this Court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property subject to forfeiture.

All pursuant to Title 18, United States Code, Section 982.

A TRUE BILL:

_____
FOREPERSON

*Ronald Barock* for

**JENNIFER ARBITTIER WILLIAMS**
United States Attorney

FBI

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT
for the
Eastern District of Pennsylvania

| United States of America | ) |
|---|---|
| v. | ) |
| OMAR WHITE OLIVER | ) Case No. 22-CR-13-1 |
| | ) |
| | ) |
| | ) SEALED |
| | ) |
| *Defendant* | |

## ARREST WARRANT

To: Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay

*(name of person to be arrested)* **OMAR WHITE OLIVER**,
who is accused of an offense or violation based on the following document filed with the court:

☑ Indictment ☐ Superseding Indictment ☐ Information ☐ Superseding Information ☐ Complaint
☐ Probation Violation Petition ☐ Supervised Release Violation Petition ☐ Violation Notice ☐ Order of the Court

This offense is briefly described as follows:

18:1344 - BANK FRAUD
18:1957 MONEY LAUNDERING
18:2 - AIDING AND ABETTING

Date: 01/18/2022

s/ Eric Sobieski, Deputy Clerk
*Issuing officer's signature*

City and state: Philadelphia, PA

Kate Barkman, Clerk of Court
*Printed name and title*

---

**Return**

This warrant was received on *(date)* _____, and the person was arrested on *(date)* _____
at *(city and state)* _____.

Date: _____

_____
*Arresting officer's signature*

_____
*Printed name and title*